**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| NORMAN J. CERCOPLY,        ) | |
| ) | C/A No.: 4:11-02186-TER |
| Plaintiff,        ) | |
| ) | |
| v.        ) | ORDER |
| ) | |
| MICHAEL J. ASTRUE,        ) | |
| Commissioner of Social Security,        ) | |
| ) | |
| Defendant.        ) | |
| ) | |

This matter is before the court on Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. 2412(d). Plaintiff seeks an award of $4.812.38[1] in EAJA fees on the grounds that he is a prevailing party entitled to attorney's fees by the EAJA. Plaintiff also requests costs in the amount of §350.00 for the filing fee under the EAJA. While Defendant contests the awarding of such EAJA fees asserting the government's position was substantially justified, Defendant did not object to the amount of EAJA fees requested or reimbursement of costs in the amount of 350.00 for the filing fee. Further, Defendant asserts that the Plaintiff's filing for EAJA fees was premature because the time period as to all parties shall be 60 days from entry of judgment, order or decree in the action. Therefore, Defendant asserts that the court should hold in abeyance its ruling on Plaintiff's motion until after the six month period has expired on April 23, 2013. Plaintiff filed a reply to the Defendant's response. (Doc. #37).

Plaintiff's initial request for Social Security benefits was denied and Plaintiff sought review of the Commissioner's decision in this Court. Plaintiff was ultimately successful, obtaining a judgment filed February 22, 2013, that reversed and remanded the case to the Commissioner for a new hearing pursuant to sentence four of 42 U.S.C. §405(g). (Doc. #32).

---

[1] Plaintiff asserts that the fees requested of $4,812.38 is comprised of $186.39 per hour for 17 hours for a total of $3,168.63 for Robertson Wendt; $125.00 per hour for 13.15 hours for a total of $1,643.75 for Geoffrey Wendt.

Under the EAJA, a court shall award attorney's fees to a prevailing party[2] in certain civil actions against the United States unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The district courts have discretion to determine a reasonable fee award and whether that award should be made in excess of the statutory cap. Pierce v. Underwood, 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); May v. Sullivan, 936 F.2d 176, 177 (4th Cir.1991).

The district court has broad discretion to set the attorney fee amount. "[A] district court will always retain substantial discretion in fixing the amount of an EAJA award. Exorbitant, unfounded, or procedurally defective fee applications ... are matters that the district court can recognize and discount." Hyatt v. North Carolina Dep't of Human Res., 315 F.3d 239, 254 (4th Cir.2002) ( *citing* Comm'r v. Jean, 496 U.S. 154, 163, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990)). Moreover, the court should not only consider the "position taken by the United States in the civil action," but also the "action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D), as amended by P.L. 99–80, § 2(c)(2)(B).

After a through review of the record and applying this standard to the facts of this case, the court concludes that the position of the Commissioner was not substantially justified. Plaintiff has made a proper showing under the EAJA that the fees and costs sought are proper.

Based on the foregoing and after considering the briefs and materials submitted by the parties, it is ordered that Plaintiff is awarded $4,812.38 in attorney's fees plus costs of $350.00 as requested.[3]

---

[2] A party who wins a remand pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g), is a prevailing party for EAJA purposes. See Shalala v. Schaefer, 509 U.S. 292, 300–302, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993). The remand in this case was made pursuant to sentence four.

[3] The fees must be paid to Plaintiff. See Astrue v. Ratliff, —–U.S. —––, —––, 130 S.Ct. 2521, 2527, 177 L.Ed.2d 91 (2010) (holding that the plain text of the EAJA requires that

IT IS SO ORDERED.

                                                s/Thomas E. Rogers, III
                                                Thomas E. Rogers, III
                                                United Stated Magistrate Judge

May 6, 2013
Florence, South Carolina

---

attorney's fees be awarded to the litigant, thus subjecting EAJA fees to offset of any pre-existing federal debts); see also Stephens v. Astrue, 565 F.3d 131, 139 (4th Cir.2009) (same).

3